IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mujtabaa Mubashshir, et al.,            Case No. 3:10 CV 2591

           Plaintiff,            MEMORANDUM OPINION
                                   AND ORDER
    -vs-
                                   JUDGE JACK ZOUHARY
Ernie Moore, et al.,

           Defendants.

## INTRODUCTION

*Pro se* Plaintiff Mujtabaa Mubashshir, on behalf of himself and Gibreal Jallow, Michael Robert, Joseph Freeman, Marcus Mittchel, Eddy Copes, Jody Robinson, Amir Shabazz, De Andre Burton, and Levio Mack, filed this action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") 42 U.S.C. § 2000cc-1, against Ohio Department of Rehabilitation and Correction ("ODRC") Director Ernie Moore; North Central Correctional Institution ("NCCI") Chaplain Warren Burbury; NCCI Chaplain Jaquelyn Burn; NCCI Food Operations Director Patrick Omameh; ODRC Religious Services Administrator Garry Sims; NCCI Institutional Inspector Taggart Boyd; and ODRC Food Service Director Teresa Bell (Doc. No. 1). The Complaint alleges Defendants failed to accommodate religious practices and seeks injunctive and monetary relief.

## BACKGROUND

Plaintiff practices the "Fiqh Hanafi School" of the Muslim faith, which he contends forbids the consumption of non-Halal meats (Doc. No. 1, p. 7). Pork is forbidden as part of his diet. In

addition, Plaintiff claims he is prohibited from eating any meat which has not been ritually slaughtered by a qualified Muslim reciting the name of Allah. To be qualified, the slaughterer must perform a purification rite of absolution prior to killing the animal. Plaintiff further claims his meals must be prepared only by Muslims who have achieved a state of ritual purity. He indicates he must not consume foods with yellow dye number 5, red dye number 40, gelatin, animal shortening, and certain oils. He contends the prison makes available to inmates a grape beverage and a fruit roll snack which contain red dye number 5. He claims it is a Muslim's duty to check all the ingredients used to prepare Islamic meals or abstain from eating those meals altogether. Plaintiff asserts the ODRC's failure to provide regular, nutritious meals consistent with his sincerely held beliefs places a substantial burden on the exercise of his religion because he is required to forego all meals.

Plaintiff also claims he is denied equal protection. He states Jewish inmates are provided with a Kosher diet that Defendants purchase from an outside vendor. He asks this Court for an order directing Defendants to provide him with a diet that fully conforms to his religious beliefs and to award him monetary damages.

## ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). For the reasons stated below, this action is dismissed pursuant to Section 1915(e).

**Additional Plaintiffs**

Mubashshir purports to bring this suit on behalf of himself and nine other inmates. A party may plead and conduct his or her case in person or through a licensed attorney. *See* 28 U.S.C. §1654. A litigant who wishes to proceed *pro se* must personally sign the Complaint to invoke this Court's jurisdiction. *See Steelman v. Thomas*, No. 87-6260, 1988 WL 54071 (6th Cir. 1988). Only Mubashshir's signature appears on the Complaint. Because he is not a licensed attorney, he cannot represent the other inmates. Consequently, only Mubashshir's claims are properly before this Court for consideration.

*Res Judicata*

This is Plaintiff's third attempt to bring these claims before the Court. In March 2009, Plaintiff filed *Mubashshir v. Collins*, No. 3:09 CV 738 (N.D. Ohio 2009) (Zouhary, J.), alleging the same facts and asserting the same claims against the ODRC Director, the NCCI Chaplain, the ODRC Religious Services Administrator and the NCCI Warden. That case was dismissed on its merits on August 18, 2009. In November 2010, Plaintiff filed a second action asserting the same facts and the same claims against the Defendants named in this action. That case was also dismissed on its merits. *See Mubashshir v. Moore*, No. 3:10 CV 2501, 2011 WL 251114 (N.D. Ohio 2011). Plaintiff has now filed a third action based on these same set of facts, and asserting the same claims for relief.

The doctrine of *res judicata* precludes a party receiving a final judgment on the merits of a claim from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have or could have been raised in the previous action. *Id.* This doctrine promotes the finality of judgments, discourages multiple litigation, and conserves judicial resources.

*Westwood Chemical Co. v. Kulick*, 656 F.2d 1224 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if the facts supporting the claims and the evidence necessary to sustain each action are the same. Both of these requirements are met in this case. Plaintiff has raised the same claims for relief and submitted substantially the same exhibits in support of his claims. *Compare Mubashshir v. Moore*, 3:10 CV 2591 (Doc. No. 1, Exhibits A–P), *with Mubashshir v. Moore*, 3:10 CV 2501 (Doc. No. 1, Exhibits A–T). Plaintiff is therefore precluded from litigating this matter for a third time.

## CONCLUSION

Accordingly, this action is dismissed under 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
    JACK ZOUHARY
    U. S. DISTRICT JUDGE

February 17, 2011